IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YIN WEN CHEN,                              *
                                           *
    Plaintiff                             *
                                           *
v.                                         *    Civil Case No. SAG-17-2087
                                           *
ROYAL GARDEN ADULT                         *
MEDICAL DAYCARE CENTER,                    *
INC., *et al.*,                            *
                                           *
    Defendants.                           *
                                           *
************

# MEMORANDUM OPINION

Plaintiff Yin Wen Chen ("Mr. Chen") filed this case against his former employer, Defendant Royal Garden Adult Medical Daycare Center, Inc. ("Royal Garden"), and the owner of Royal Garden, Shihong Yang ("Mr. Yang") (collectively, "Defendants"), alleging violations of the Fair Labor Standards Act of 1938, codified, as amended, at 29 U.S.C. §§ 201 *et seq.* ("FLSA") (Count I) and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., §§ 3-501 *et seq.* of the Labor and Employment Article (Count II).[1] Am. Compl., [ECF 3]. Specifically, Mr. Chen alleges that he was not paid overtime compensation for the months of March, 2015 through June, 2016. *Id.* ¶¶ 20-23.

On October 1, 2018, Defendants filed a Motion for Summary Judgment, ECF 28, along with a memorandum of law, ECF 28-1, (collectively, the "Motion"). Mr. Chen opposed the Motion, ECF 31 ("Opp."), and Defendants have replied, ECF 32 ("Reply"). I find that no

---

[1] Defendants assert that Plaintiff has also alleged a violation of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., §§ 3-401 *et seq.* of the Labor and Employment Article. Defs.' Mot., ECF 28-1 at 2 n.1. However, Plaintiff's Amended Complaint does not allege a violation of the MWHL. Am. Compl., ECF 3. Thus, I will only address Plaintiff's allegations that Defendants violated the FLSA and MWPCL.

hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, I will deny the Motion.

## I. FACTUAL BACKGROUND

The facts below are taken in the light most favorable to Plaintiff, the non-moving party. Defendant Royal Garden is a Maryland corporation providing medical and supervisory care services to the elderly in Columbia, Maryland. Am. Compl., ECF 3 ¶ 2. Royal Garden employs about eighteen (18) workers and serves roughly eighty (80) customers every day. *Id.* ¶ 5. Defendant Mr. Yang is a Maryland resident who owns and operates Royal Garden. *Id.* ¶ 6. Mr. Chen is a male of Asian descent who testified at his deposition, through an interpreter, that he cannot read English. *Id.* ¶ 4; Pl.'s Dep., p. 90, ECF 31-2 at 15. In or about March of 2015, Mr. Chen was hired by Mr. Yang to work primarily as a driver for Royal Garden. Am. Compl., ECF 3 ¶ 8. Mr. Chen avers, however, that his duties extended beyond that of a driver, and also included conducting "supply runs" by shopping for food, cleaning, and hardware supplies as needed, "preparing and serving food to customers, meeting customers with special needs," installing electronics, cabinetry, and locks, and serving as "a general handyman for Royal Garden." *Id.* ¶¶ 8-9; Pl.'s Opp., ECF 31 at 1.

Mr. Chen's standard hours of work were approximately 7:20 a.m. to 2:30 p.m., Monday through Saturday. Pl.'s Opp., Exh. D, ECF 31-4 at 11. Royal Garden uses a Facial Recognition System ("FRS") to track the hours of its employees. Pl.'s Dep., pp. 26-27, ECF 31-2 at 5. The system takes a photo of the employee upon arrival and departure. *Id.* Mr. Chen's starting wage was seventeen dollars ($17.00) per hour, and his wage increased to twenty dollars ($20.00) per hour in or about June of 2015. Am. Compl., ECF 3 ¶¶ 10-11; Pl.'s Opp., ECF 31 at 2. In or about July of 2015, Mr. Chen's wage decreased to eighteen dollars ($18.00) per hour. Am.

Compl., ECF 3 ¶ 12; Pl.'s Opp., ECF 31 at 2. In the fall of 2015, Mr. Chen was notified that he would be paid a weekly salary instead of an hourly wage. Am. Compl., ECF 3 ¶ 13; Pl.'s Opp., ECF 31 at 2. Mr. Chen's annual salary after this change was approximately $37,440.00. Am. Compl., ECF 3 ¶ 14; Pl.'s Opp., ECF 31 at 2. During the course of his employment with Royal Garden, Mr. Chen took just two personal days. Am. Compl., ECF 3 ¶ 25. He was not an overtime exempt employee at any time during his employment. *Id.* ¶ 16.

Mr. Chen admits that his "timesheets do not show that he worked overtime," but that "he testified that he did." Pl.'s Opp., ECF 31 at 6; Defs.' Mot., Exh. 7, ECF 28-8. Indeed, Mr. Chen's timesheets do not reflect any overtime worked by Mr. Chen, but roughly reflect his standard hours of work, from approximately 7:20 a.m. to 2:30 p.m. Defs.' Mot., Exh. 7, ECF 28-8. However, Mr. Chen attests that, throughout the course of his employment, he worked well over forty (40) hours each week. Am. Compl., ECF 3 ¶ 19; Pl.'s Opp., ECF 31 at 2; Pl.'s Dep., pp. 62-66, ECF 31-2 at 11. Specifically, Mr. Chen reports working a total of: approximately forty-four (44) hours of overtime from approximately March 17, 2015 until April 18, 2015; approximately twenty-two (22) hours of overtime from approximately April 19, 2015 until May 31, 2015; and approximately twenty-two (22) hours of overtime each week from approximately June 1, 2015 until June 29, 2016. Am. Compl., ECF 3 ¶¶ 20-22; Pl.'s Opp., ECF 31 at 2. Mr. Chen alleges that he received no overtime pay for hours worked in excess of forty (40) hours per week, that he did not receive any pay for nationally recognized holidays during which he was required to work, and that Royal Garden deducted ten hours of pay from his wages for each of the two personal days he took. Am. Compl., ECF 3 ¶¶ 23-25; Pl.'s Opp., ECF 31 at 2.

At his deposition on August 8, 2018, Mr. Chen stated that, on several occasions, he had to stay at Royal Garden overnight to make fritters for the following day, and that, although

"[n]obody asked [him] to stay overnight," he stayed "because [he] was given this task" and "want[ed] to do it well." Pl.'s Dep., p. 63, ECF 31-2 at 11. Mr. Chen noted that on one occasion, he was asked to work overtime to transport residents to the Cherry Blossom Festival, and that he was paid for that overtime. Pl.'s Dep., p. 38, ECF 31-2 at 7. Defendants confirmed this overtime occasion in their Motion, and Mr. Chen's timesheets show overtime hours logged on June 25, 2015. Defs.' Mot., ECF 28-1 at 3; Defs.' Mot., Exh. 7, ECF 28-8 at 4. Beyond this single instance, Mr. Chen never asked for overtime pay, nor did Mr. Yang or his supervisor, Brian Hong ("Mr. Hong"), ever ask Mr. Chen to work overtime. Pl.'s Dep., pp. 62-67, ECF 31-2 at 11-12. Mr. Chen also testified that he "did not want to try" to ask for overtime pay because "one person was dismissed after taking one day sick leave." *Id.*, p. 64, ECF 31-2 at 11. Mr. Chen noted, however, that neither Mr. Hong nor Mr. Yang ever told him that he would be terminated if he requested overtime pay. *Id.*

Mr. Chen also testified that Mr. Yang saw him working one night beyond 9:00 p.m., and that Mr. Yang instructed Mr. Chen to "make sure the facility [was] locked up after [Mr. Chen left] and close the windows and doors." Pl.'s Dep., p. 68, ECF 31-2 at 12; Pl.'s Opp., ECF 31 at 2-3. Mr. Chen's supervisor, Mr. Hong, also testified that he knew Mr. Chen had taken on additional duties at Royal Garden, and that he could not be sure that Mr. Chen never worked past 2:30 p.m. on any occasion, because he was not wearing a watch. Pl.'s Opp., Exh. C, ECF 31-3 at 4-7; Pl.'s Opp., ECF 31 at 3. Mr. Chen also submitted sworn declarations from three of his former co-workers at Royal Garden, Jinfang Chen, Kangmei Xu, and Xiaofeng Dong. Pl.'s Opp., Exh. E, ECF 31-5. All three former co-workers attest that they saw Mr. Chen working beyond 4:00 p.m. on several occasions. *Id.*

Mr. Chen's employment with Royal Garden ended in or about July of 2016. Am. Compl., ECF 3 ¶ 17; Pl.'s Opp., ECF 31 at 2. Subsequently, Mr. Chen filed a Wage Claim with the Maryland Department of Labor, Licensing, and Regulation, alleging a total of $49,256.51 in unpaid overtime wages from Royal Garden. Pl.'s Opp., Exh. F, ECF 31-6. This suit followed on July 25, 2017. Compl., ECF 1. Mr. Chen amended his Complaint on August 17, 2018. Am. Compl., ECF 3. Discovery in this matter ended on August 31, 2018. *See* Joint Status Report, ECF 27.

## II. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants, as the moving party, bear the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad*, 823 F. Supp. 2d 334, 348 (D. Md. 2011). If Defendants establish that there is no evidence to support Plaintiff's case, the burden then shifts to Plaintiff to proffer specific facts to show a genuine issue exists for trial. *Id.* Plaintiff must provide enough admissible evidence to "carry the burden of proof at trial." *Id.* at 349 (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315-16 (4th Cir. 1993)). The mere existence of a scintilla of evidence in support of Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for Plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Moreover, a genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Casey*, 823 F. Supp. 2d at 349. Additionally, summary judgment shall be warranted if the non-moving party fails to provide evidence that establishes an essential element of the case. Plaintiff "must produce competent evidence on each element of his or her

claim." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999). If Plaintiff fails to do so, "there can be no genuine issue as to any material fact," because the failure to prove an essential element of the case "necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see also Casey*, 823 F. Supp. 2d at 348-49. In ruling on a motion for summary judgment, a court must view all of the facts, including reasonable inferences to be drawn from them, "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

## III. ANALYSIS

### A. FLSA Claim (Count I)

Plaintiff alleges that Defendants failed to pay overtime wages in violation of the FLSA. Am. Compl., ECF 3, Count I. Section 207(a)(1) of the FLSA provides: "no employer shall employ any of his employees…for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The Fourth Circuit has held that, "to be liable for overtime wages under the FLSA, an employer must have 'knowledge, either actual or constructive of [that] overtime work.'" *Bailey v. Cnty. of Georgetown*, 94 F.3d 152, 157 (4th Cir. 1996) (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986)). Where, as here, a plaintiff is seeking to "recover unpaid wages for overtime hours that were not recorded on [his] timesheets," the plaintiff is "required to prove that the [employer] knew, either actually or constructively, that [he was] working unrecorded overtime hours." *Id.*

### 1. Plaintiff's Proof of Overtime

Defendants argue that summary judgment is warranted because Mr. Chen cannot provide any evidence of his overtime work under the FLSA, as required by the United States Supreme Court in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), *superseded by statute on other grounds*, Portal-to-Portal Act, May 14, 1947, c. 52, § 4, 61 Stat. 86, *as recognized in Integrity Staffing Solutions, Inc. v. Busk*, (2014). Defs.' Mot., ECF 28-1 at 12-17. In *Anderson*, the Supreme Court held that an employee seeking overtime compensation under the FLSA must prove that he worked overtime hours without compensation, and he must "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687. If the employee carries this burden, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88.

Defendants allege three deficiencies in Mr. Chen's FLSA claim: 1) that his timesheets do not show that he worked overtime; (2) that there are no witnesses with knowledge of Mr. Chen's alleged overtime; and (3) that the type of work Mr. Chen claims as overtime was not actually overtime work. Defs.' Mot., ECF 28-1 at 12-17.

#### a. Mr. Chen's Timesheets

Defendants contend that, because the facial recognition software used for keeping employee's hours did not reflect any overtime hours worked by Mr. Chen, his claims of overtime work are meritless. Defs.' Mot., ECF 28-1 at 13-15. However, "[n]either this court nor the Fourth Circuit…has held that an FLSA claimant may be estopped from pressing a claim to recover unpaid overtime compensation merely because the claimant did not comply with the

employer's policies requiring regular reporting of overtime." *Ekeh v. Montgomery Cnty.*, Civil No. JKS 12-2450, 2014 WL 2154173, at *3 (D. Md. May 21, 2014) (quoting *Smith v. ABC Training Ctr. of Maryland, Inc.*, Case No. JFM 13-306, 2013 WL 3984630, at *9 (D. Md. Aug. 1, 2013)). Accordingly, the lack of overtime hours reflected in Mr. Chen's timesheets is not a dispositive factor warranting summary judgment.

Defendants' reliance on *White v. Washington Gas*, No. Civ.A. DKC 2003-3618, 2005 WL 544733 (D. Md. Mar. 4, 2005), is misplaced. In *White*, Judge Chasanow granted summary judgment in favor of the defendant because "the only evidence in the record to support [Plaintiff's] contention that he worked the claimed overtime hours is his affidavit, which is directly contradicted by his signed timesheets." *White*, 2005 WL 544733, at *5. While Mr. Chen's timesheets do not reflect any overtime hours, Mr. Chen has provided more than just his deposition testimony to support his allegations of overtime work. Specifically, his case is distinguishable because he has the testimony of three co-workers supporting his overtime claims.

In addition to Mr. Chen's testimony regarding his overtime work, Pl.'s Dep., pp. 63-68, ECF 31-2 at 11-12, Mr. Chen's Wage Claim Form sets out, in detail, the overtime hours claimed by Mr. Chen, the specific dates on which he worked overtime, and the dates for which he alleges he is owed paid time off ("PTO"), personal leave, and holiday pay. Pl.'s Opp., Exh. F, ECF 31-6. Moreover, Mr. Chen's supervisor, Mr. Hong, testified that he could not say Mr. Chen left everyday at "exactly 2:30, because [he doesn't] always carry the time with [him]." Defs.' Mot., Exh. 4, ECF 28-5 at 7. Finally, Mr. Chen has submitted the sworn declarations of three former co-workers who all attest that they saw Mr. Chen working past his standard work hours. Pl.'s Opp., Exh. E, ECF 31-5. Given all of the above, viewed in the light most favorable to Mr. Chen,

a reasonable juror could draw an inference that Mr. Chen did, in fact, work overtime, despite his timesheets not reflecting such work.

Moreover, it is not necessary that Mr. Chen establish his hours worked with absolute certainty or accuracy. *See, e.g.*, *Guerra v. Teixeira*, Civil Action No. TDC-16-0618, 2018 WL 3756716, at *5 (D. Md. Aug. 8, 2018) ("Because courts may award approximate damages to employees, employees do not have to 'prove each hour of overtime work with unerring accuracy or certainty.'") (quoting *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108 (4th Cir. 1988)). Mr. Chen, as the non-moving party, need only "produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. at 687.

Based on Mr. Chen's testimony, his Wage Claim Form, Mr. Hong's testimony, and the three sworn declarations, Mr. Chen has provided sufficient evidence to meet the burden imposed on plaintiffs under *Anderson*. Defendants then must establish the "precise amount of work performed" or produce "evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *See Anderson*, 328 U.S. at 687-88. The timesheets provided by Defendants reflect that Mr. Chen checked in at approximately 7:20 a.m. and checked out at approximately 2:30 p.m. each day, with one day of overtime hours throughout his entire employment. Defs.' Mot., Exh. 7, ECF 28-8 at 4. In addition to the testimony of Mr. Yang, who testified that he never saw Mr. Chen work overtime, Defendants have submitted the affidavits of two other Royal Garden employees, Wang Xu Hui and Zhao Ping Lum, who stated that they did not see Mr. Chen work overtime. Defs.' Mot., Exh. 6, ECF 28-7; Defs.' Mot., Exh. 9, ECF 28-10. Defendants also argue that Mr. Chen's testimony is internally inconsistent "because he testified that his FRS timesheets were accurate and he did not notice any errors in them." Defs.' Mot., ECF 28-1 at 14.

9

Mr. Chen maintains, however, that the FRS should have picked up his overtime hours on the occasions he worked late. Pl.'s Dep., p. 70, ECF 31-2 at 13 ("Q: So, it is your testimony that the facial recognition would reflect you leaving Royal Garden at 10:00 at night? A: For sure. It should have been recorded."). He also testified that when he was working late, preparing fritters, that he did not check out in the facial recognition system "[b]ecause the facial expression machine is at the entrance of the gate – I mean the entrance. The kitchen is all the way in the back." *Id.*, pp. 69-70, ECF 31-2 at 12-13. Puzzlingly, Mr. Chen then stated that, when he would leave Royal Garden, "[he] would do the facial recognition." *Id.*

Despite Mr. Chen's potentially contradictory testimony, he has submitted additional evidence, as discussed above, that amounts to more than a scintilla of evidence to defeat summary judgment. *See, e.g.*, *Ekeh v. Montgomery Cnty.*, Civil No. JKS 12-2450, 2014 WL 2154173, at * 5 (D. Md. May 21, 2014) (denying defendant summary judgment because plaintiff's testimony and "handwritten, unapproved, unauthorized, and self-generated" records of overtime hours raised a genuine dispute of material fact); *Brown v. White's Ferry, Inc.*, 280 F.R.D. 238, 243-44 (D. Md. 2012) (denying plaintiff summary judgment because "[w]ith a fact as basic as the number of hours worked by Plaintiffs in dispute, it cannot be found that any overtime wages were owed"); *Marroquin v. Canales*, 505 F. Supp. 2d 283, 297-98 (D. Md. 2007) (granting summary judgment in plaintiff's favor where plaintiff provided sworn testimony of his work hours with his own time records and defendant did not provide specific evidence); *Alston v. DIRECTV, Inc.*, 254 F. Supp. 3d 765, 789-90 (D.S.C. 2017) (denying defendant summary judgment where plaintiffs' sworn, though potentially inconsistent and contradictory, statements were sufficient to raise a genuine dispute of material fact). Where, as here, factual disputes persist as to whether plaintiff worked overtime hours, summary judgment is

inappropriate. However, the Court notes that, going forward, Mr. Chen may face evidentiary challenges, given the contradictory testimony regarding his overtime hours and the FRS, and Mr. Chen's own corroboration of the accuracy of the FRS and his timesheets.

### b. Witnesses of Mr. Chen's Overtime

Defendants argue that Mr. Chen's FLSA claim must also fail because Mr. Chen's witnesses contradict, rather than corroborate, his claims of overtime work. Defs.' Reply, ECF 32 at 3-7. As noted above, Mr. Chen has submitted sworn declarations of three of his former co-workers, Jin Fang Chen, Kangmei Xu, and Xiaofeng Dong, who each attest that they saw Mr. Chen working at Royal Garden beyond his standard work hours. Pl.'s Opp., Exh. E, ECF 31-5. Defendants nevertheless maintain that those sworn declarations conflict with Mr. Chen's deposition testimony, and consequently should be rejected. Defs.' Reply, ECF 32 at 3-5. Defendants claim that Mr. Chen's testimony stating "[n]o one knows" how long he stayed discredits the sworn declarations. *Id.* at 4 (quoting Pl.'s Dep., p. 91, ECF 31-2 at 15).

Defendants rely on *Scites v. Lincoln Cnty. Opportunity Co., Inc.*, Civil Action No. 2:09-cv-01261, 2011 WL 6180053 (S.D.W. Va. Dec. 13, 2011), to support their position that the sworn declarations, or inconsistency therein, warrants summary judgment. *Id.* at 5. However, *Scites* is distinguishable from Mr. Chen's case, because the only evidence Scites produced of her overtime work was her own testimony that she contacted her supervisors after work hours. *Scites*, 2011 WL 6180053, at *2.

In contrast, this case presents a quintessential genuine dispute of material fact. While none of Mr. Chen's former co-workers could say how long Mr. Chen worked past his standard hours, they do attest that he was "still working" when they left *after* his standard work hours. Pl.'s Opp., Exh. E, ECF 31-5 at 2-3, 7, 10-11. Mr. Chen's testimony is not inconsistent with the

11

three sworn declarations because he stated that "[h]ow long I worked, they don't know," because "they were leaving for home," and Mr. Chen "was still there working." Pl.'s Dep., p 90, ECF 31-2 at 15. Kangmei Xu, who usually worked until 3:00 p.m. or later, attested that Mr. Chen was still working in the kitchen after he left for the day. Pl.'s Opp., Exh. E, ECF 31-5 at 6-7. Xiaofeng Dong, who worked from approximately 6:45 a.m. to 3:30 p.m. and sometimes 4:00 p.m., attested that "when [he] would leave Royal Garden for the day, Mr. Chen would still be working in the kitchen." *Id.* at 10. Finally, Jin Fang Chen, who worked from approximately 7:00 a.m. to 3:30 p.m., also attested that "when [he] would leave Royal Garden for the day, Mr. Chen would still be working in the kitchen." *Id.* at 2. Even if all three declarants did not know how much later Mr. Chen worked past 3:00 p.m., 3:30 p.m., or 4:00 p.m., this is evidence, at the very least, that Mr. Chen worked between a half hour and one and a half hours of overtime beyond his standard 2:30 p.m. departure on multiple occasions.

As already discussed, Mr. Chen need not prove his overtime hours worked with precision or absolute accuracy. *See Guerra*, 2018 WL 3756716 at *5. Furthermore, any apparent contradiction between the declarations and Mr. Chen's own testimony is an issue to be resolved by the trier of fact, not by the court on summary judgment. *See id.* ("[T]here remain multiple genuinely disputed issues of material fact, many of which cannot be resolved without an assessment of the credibility of witnesses, which therefore preclude summary judgment"); *Alston*, 254 F. Supp. 3d at 789-90 ("At the summary judgment stage, however, the court is not permitted to decide credibility, and, thus, the court concludes that Plaintiffs' sworn statements, inconsistent or contradictory though they may be, are sufficient to raise a genuine dispute as to whether Plaintiffs have met their initial burden.").

Although summary judgment is inappropriate, Mr. Chen's argument that summary judgment should be denied "in order to depose additional witnesses regarding the nature of the overtime work observed," is unavailing. *See* Pl.'s Opp., ECF 31 at 5. Discovery in this matter ended on August 31, 2018. *See* Joint Status Report, ECF 27. Consequently, Mr. Chen will not be able to depose any additional witnesses.

### c. Nature of Alleged Overtime Work

Defendants argue that the "type of work Mr. Chen claimed as overtime" was not actually overtime. Defs.' Mot., ECF 28-1 at 16-17. Specifically, Defendants allege that Mr. Chen simply did not understand the meaning of overtime work. *Id.* Defendants point to Mr. Chen's testimony, when asked about the meaning of overtime, that "whoever devotes more time and efforts for the center, at the end of the year, that person will be rewarded," and that by "time and efforts," Mr. Chen meant "doing additional duties during [his] regular working hours." *Id.* at 17 (citing Pl.'s Dep., pp. 42-43, ECF 31-2 at 8).

Even if Mr. Chen believed, in part, that he was working overtime during his normal working hours, he has also alleged that he worked beyond his standard work hours of 7:20 a.m. to 2:30 p.m. *See* Pl.'s Opp., ECF 31 at 4-7; Pl.'s Dep., pp. 63-68, ECF 31-2 at 11-12. Consequently, if Mr. Chen's allegations are true, his hours worked in excess of forty hours per workweek qualify as overtime work under the FLSA. *See* 29 U.S.C. § 207(a)(1); *see also* 29 C.F.R. § 785.11 ("Work not requested but suffered or permitted is work time. For example, an employee may voluntarily continue to work at the end of the shift. …he may desire to finish an assigned task or he may wish to correct errors…The reason is immaterial."). Accordingly, Defendants' argument on this issue does not warrant a finding of summary judgment in their favor.

13

## 2. Defendants' Knowledge of Plaintiff's Overtime

Defendants also argue that summary judgment is warranted because neither Defendant Yang nor Mr. Chen's supervisor, Mr. Hong, actually or constructively knew that Mr. Chen was working overtime. Defs.' Mot., ECF 28-1 at 9-12. Relying on *Davis v. Food Lion*, Defendants assert that, like the plaintiff in *Davis*, Mr. Chen cannot prove that Defendants knew or should have known that he worked overtime. *Id.* at 10 (citing *Davis*, 792 F.2d at 1277-78). However, the plaintiff in *Davis* never alleged that his employers saw him working overtime. *Davis*, 792 F.2d at 1275-76. Instead, Davis alleged that, because the employer's policy of prohibiting "off-the-clock" hours was "unattainable," the policy encouraged employees like Davis to work "secretly, off-the-clock" to complete their weekly duties, which Davis argued imputed constructive knowledge to his employers. *Id.* at 1276.

In contrast, while Mr. Chen alleges that he worked overtime without asking his employers, Pl.'s Dep. pp. 18-20, 63-65, ECF 31-2 at 4, 11, he also alleges occasions where Defendant Yang and his supervisor, Mr. Hong, saw him working at Royal Garden past his standard work hours, Pl.'s Dep., p. 68, ECF 31-2 at 12; Pl.'s Opp., Exh. C, ECF 28-3 at 4-7. While courts in this district and the Fourth Circuit have consistently held that "evidence of *occasional* after-hours work is not sufficient to raise a genuine dispute of material fact that the employer was on notice of the employee's *consistent* overtime work for a *long period of time*," Mr. Chen's evidence alleges more than just occasional overtime. *Butler v. DirectSAT USA, LLC*, 55 F. Supp. 3d 793, 803 (citing *Bailey*, 94 F.3d at 157). Although Mr. Yang testified that he never saw Mr. Chen working overtime, Defs.' Mot., Exh. 5 ECF 28-6 at 11, Mr. Hong testified that he knew Mr. Chen had taken on additional duties at Royal Garden, and that he could not be sure that Mr. Chen never worked past 2:30 p.m. on any occasion, because Mr. Hong was not

wearing a watch, Pl.'s Opp., Exh. C, ECF 28-3 at 4-7.  Additionally, Mr. Chen has provided sworn declarations from three of his former co-workers at Royal Garden, who all state that they saw Mr. Chen working after his standard work hours.  Pl.'s Opp., Exh. E, ECF 31-5 (declaring that they "always" saw Mr. Chen working after his standard hours).  Taken in the light most favorable to Mr. Chen, this evidence raises a genuine issue of material fact as to whether Defendants actually or constructively knew that Mr. Chen was working overtime.

In sum, there exist genuine disputes of material fact as to whether Mr. Chen worked overtime, and whether Defendants actually or constructively knew about his alleged overtime work.  Accordingly, Defendants' motion for summary judgment on Count I must be denied.

### B.  MWPCL Claim (Count II)

Plaintiff also alleges that Defendants failed to timely compensate him pursuant to the MWPCL.  Am. Compl., ECF 3, Count II.  The MWPCL requires Maryland employers to set regular pay periods and to pay each employee at least once every two weeks or twice a month. Md. Code Ann., Lab & Empl., §§ 3-501(c)(1)–502.  The MWPCL also provides that "[a]n employer may not make a deduction from the wage of an employee" except under certain conditions, and employers must pay all wages due on or before the date of termination.  *Id.* §§ 3-503, 3-505(a).

As discussed above, a genuine dispute of material fact exists regarding Plaintiff's claimed overtime hours.  Thus, because Plaintiff's MWPCL count arises from the same allegations of unpaid overtime, I find that there is also a genuine dispute as to whether Mr. Chen was denied overtime compensation under the MWPCL.

### C. Plaintiff's Claim of Inadequate Lunch Breaks

In Plaintiff's Opposition to Defendants' Motion, he alleges, for the first time, that he was not given a true lunch break at the Royal Garden, even though his timesheets reflect a 30-minute lunch break each day. Pl.'s Opp, ECF 31 at 6. Mr. Chen did not raise this allegation in either of his Complaints. *See* Compl., ECF 1; Am. Compl., ECF 3. Mr. Chen is not permitted to add new allegations in his brief opposing summary judgment. *See Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 435 (D. Md. 2006) ("A plaintiff may not amend its complaint through arguments at the summary judgment stage.").

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment, [ECF 28], is DENIED.

A separate Order is filed herewith.

Dated: December 6, 2018

/s/
Stephanie A. Gallagher
United States Magistrate Judge